# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 1, 2011

## STATE OF TENNESSEE v. DENNIS WAYNE BREWER

**Direct Appeal from the Circuit Court for Madison County**
**No. 10-586      Roger A. Page, Judge**

**No. W2011-00576-CCA-R3-CD  - Filed February 1, 2012**

The defendant, Dennis Brewer, was convicted by a Madison County jury of DUI and DUI per se.  He then pled guilty to DUI, third offense, a Class A misdemeanor.  The trial court merged the convictions and sentenced him to eleven months and twenty-nine days in the county jail, with a minimum of nine months to serve prior to release into a rehabilitative program.  The sole issue the defendant raises on appeal is whether the evidence was sufficient to sustain his conviction. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Paul E. Meyers, II, Assistant Public Defender, for the appellant, Dennis Wayne Brewer.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Anna B. Cash, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

At 2:20 a.m. on December 24, 2009, Deputy Paul Capps of the Madison County Sheriff's Department was dispatched to the scene of a single vehicle accident on Red Lane in Madison County.  When he arrived approximately fifteen minutes later, he found a pickup truck resting on its passenger side in a ditch and the defendant asleep inside the vehicle.  The defendant, who had a blood-alcohol content of .23%, smelled strongly of alcohol and failed

the various field sobriety tests he was administered at the scene.

At the defendant's trial, Deputy Capps testified that when he arrived, the only person he observed in the area was the defendant, who was asleep inside the vehicle sitting on the passenger door. He woke the defendant by standing on top of the truck, holding the door open, and yelling his name. A heavy odor of alcohol was emanating from the vehicle and the defendant, when finally roused, appeared groggy. After getting the defendant out of the vehicle and up on the roadway, Deputy Capps questioned him about the incident, asking him if he had been drinking. The defendant replied that he "figured he'd had too much," told Deputy Capps that the truck belonged to his aunt, and stated that he had been coming "from right up the road," as he pointed toward his residence. At no time did the defendant ever mention that anyone else had been with him in the vehicle.

Deputy Capps testified that after the defendant failed the series of field sobriety tests that he administered, he took him into custody, obtained his consent to a blood-alcohol test, and drove him to the hospital, where his blood was drawn and sent to the Tennessee Bureau of Investigation ("TBI") for analysis. Deputy Capps identified the videotape of his encounter with the defendant, which was admitted into evidence and published to the jury.

On cross-examination, Deputy Capps said he could not recall if he ever asked the defendant if he had been driving. He acknowledged that he never saw the defendant driving or in control of the vehicle and that it was theoretically possible that another individual had been in the truck and left the scene before his arrival.

TBI Special Agent Forensic Scientist Bethany McBride, the toxicologist who analyzed the defendant's blood, testified that the defendant's blood-alcohol level was .23%.

The defendant testified that his last memory of the evening of December 23 was of drinking vodka and watching football at his home with a man named Jesse Cooper. The next thing he recalled was "getting woke up" inside his truck. The defendant said that, although he did not realize it at the time he was arrested, he later pieced together that Cooper must have been driving the truck that night. He based this conclusion on the fact that he later found in the truck the hood to Cooper's jacket, which he recalled having seen attached to the jacket during the time that Cooper visited with him at his home on the evening of December 23. In addition, he could think of no reason why he would have left the house on his own that night. The defendant testified that he had confronted Cooper about his role in the accident and that Cooper "would admit to driving," except that the defendant had no knowledge of his current whereabouts and counsel had been unable to locate him.

## ANALYSIS

The sole issue the defendant raises on appeal is whether the evidence was sufficient to sustain his conviction. Specifically, he argues that there was insufficient proof that he was in control of the vehicle. In considering this issue, we apply the rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)).

"A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The DUI statute provides in pertinent part that "[i]t is unlawful for any person to drive or be in physical control of any automobile or other motor driven vehicle" while under the influence of any intoxicant or when the alcohol concentration in the person's blood or breath

is .08% or more. Tenn. Code Ann. § 55-10-401. In order to determine if a defendant was in physical control of a vehicle for DUI purposes, the trier of fact looks to the totality of the circumstances. See State v. Butler, 108 S.W.3d 845, 850 (Tenn. 2003) (citing State v. Lawrence, 849 S.W.2d 761, 765 (Tenn. 1993)).

In this case, the State presented proof that the intoxicated defendant was the only individual at the scene when the officer arrived. Moreover, although the defendant claimed at trial to have had no memory of the incident, the videotape of his arrest shows that he answered the officer's questions about where he had been coming from, what time he had left his house, and how long he thought he had been at the scene without once mentioning that anyone else had been in the vehicle with him. We conclude, therefore, that the evidence, when viewed in the light most favorable to the State, was more than sufficient for the jury to find that the defendant was in control of the vehicle and, thus, that he was guilty of DUI.

## CONCLUSION

Based on our review, we conclude that the evidence was sufficient to sustain the defendant's conviction for DUI, third offense. Accordingly, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

-4-